IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ABRAM HENRY RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-226-Z-BR |
| | § | |
| DOUG WOODBURN, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS § 1983 CLAIM**

This matter comes before the undersigned upon review of the Complaint, (ECF 3), as required by 28 U.S.C. § 1915A. For the reasons that follow, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted and lack of jurisdiction.

**I.   BACKGROUND**

On November 22, 2022, Plaintiff tendered to the Court a handwritten pleading seeking to initiate a civil rights action against Doug Woodburn, presiding judge of the 108th District Court of Potter County, Texas. (ECF 3). Plaintiff makes multiple and varied claims in his Complaint, (ECF 3), and two subsequent amendments, (ECF 6; ECF 8), that appear to boil down to a substantive claim that his constitutional rights are being violated in an ongoing state court proceeding.

**II.   STANDARD OF REVIEW**

28 U.S.C. § 1915A requires district courts to, "as soon as practicable," review "a complaint

in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The complaint is to be dismissed if it fails to state a claim upon which relief can be granted. *Id.*

### III.   ANALYSIS

The Supreme Court, in *Younger v. Harris*, 401 U.S. 37 (1971), directed federal courts to refrain from inserting themselves into pending state court criminal proceedings. *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004). This is known as *Younger* abstention. *Blakely v. Andrade*, 360 F.Supp.3d 453, 466 (N.D. Tex. 2019). Three conditions must be met for the doctrine to apply: "(1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges." *Id.* (citing *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996)) (quotation marks omitted). Once those conditions are met, federal courts are to decline to decline jurisdiction absent three very narrow exceptions: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is flagrantly and patently violative of express constitutional prohibitions in every way and application, or (3) application of the doctrine was waived. *Texas Ass'n of Business v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (citations omitted).

Plaintiff's requests in this matter amount to a request for this Court to interfere in an ongoing state proceeding, thereby implicating *Younger* abstention. Because the State of Texas has an important interest in adjudicating its criminal cases, particularly those involving sex offenders, as is the case here, according to state court records, and Plaintiff has the opportunity to raise these

complaints in the state forum at issue, the undersigned finds abstention is appropriate and, therefore, recommends that the Court decline jurisdiction.

## IV. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is the recommendation of the United States Magistrate Judge to the United States District Judge that the Complaint, (ECF 3), be dismissed with prejudice for failure to state a claim upon which relief can be granted and lack of jurisdiction. It is further recommended that this matter be considered a strike within the meaning of 28 U.S.C. § 1915(g).

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 9, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections

with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).